# CASES DECIDED

BY THE

# SUPREME COURT

OF THE

## TERRITORY OF HAWAII

---

## G. W. A. HAPAI v. JAMES W. PRATT, COMMISSIONER OF PUBLIC LANDS.

### APPEAL FROM CIRCUIT JUDGE, FOURTH CIRCUIT.

ARGUED MARCH 30, 1908.                    DECIDED APRIL 6, 1908.

### HARTWELL, C.J., WILDER AND BALLOU, JJ.

PUBLIC LANDS—*right to patent by lessee of right of purchase lease.*

> A lessee under a right of purchase lease of public lands who applies for a patent satisfies the statutory prerequisite that he "has resided thereon not less than two years" by showing that he has for that period maintained on the premises a permanent and fixed abode with the present intention there to remain.

### OPINION OF THE COURT BY WILDER, J.

The application of G. W. A. Hapai, the lessee under a right of purchase lease from the Territory, for a land patent of the land covered by the lease, which was situated in Olaa, Hawaii, and contained 27.10 acres, having been refused by the com-

missioner of public lands on the .ground that the applicant had not resided on the land for two years and had not continuously maintained his home thereon, the matter was referred to the circuit judge of the fourth circuit pursuant to Sec. 274 R. L., who entered a decree ordering the defendant to issue the patent as prayed for.    The defendant appealed.

R. L. Sec. 322 provides that "At any time after the third year of the said term, the lessee shall be entitled to a land patent from the government conveying him in fee simple the land described in his lease, upon his paying to the government the appraised value of the premises as set forth in such lease, if he has reduced to cultivation twenty-five per cent. of said premises and has resided thereon not less than two years, and has substantially performed all other conditions of his lease," one of the conditions of the lease being that "the lessee shall, from the end of the first year of the said term, to the end of the fifth year thereof continuously maintain his home on such premises." R. L. Sec. 319.

The uncontradicted evidence in the case shows that plaintiff commenced living on the land in April or May of 1902, shortly after the execution of the lease, and thereafter, except when prevented by sickness or bad weather, he usually lived there from Saturdays to Mondays and on holidays, but never staying more than three or four days at a time.    At other times than those he lived in his Hilo home, his business, that of district magistrate of Hilo, requiring his presence there. Hilo is about thirteen miles from the land in question.    Plaintiff's wife lived on the land for various periods running from a week to a month at a time, occupying the place in all about half of each year, and his children occupied the place during school vacation times.    Plaintiff built a house on the land during the first year of his tenancy.    He has cultivated almost all of the land with bananas, pineapples, coffee, flowers, vegetables and fruit trees.    He has always kept a caretaker

on the premises. His intention was to make the place his home and to live there all of the time when his work did not necessitate his presence in Hilo. All his savings went toward improving the place. In 1906, after the application for a patent, he voted in Olaa, previous to that time voting in Hilo. If all of the times the place was occupied by plaintiff, his wife and family were added together it would make about two years.

Plaintiff is entitled to a patent if, as the statute provides, he has resided on the land not less than two years and has substantially performed all of the other conditions of his lease, the only other condition in this case which is claimed was not fulfilled being the one that "the lessee shall from the end of the first year of the said term to the end of the fifth year thereof continuously maintain his home on such premises." It will be observed that that condition in the lease cannot be performed to its full extent by a lessee who shortly after the third year of his term applies for a patent, otherwise he could not get a patent until after the fifth year of his term. So that, so far as the right to a patent is concerned, if the lessee has resided on the land for not less than two years, it is immaterial to inquire whether the condition as to continuously maintaining a home thereon has been carried out. This is also shown by the statute requiring as prerequisites to obtaining a patent a residence on the land of not less than two years and a substantial performance of all "other" conditions of the lease. To reside on certain premises and to continuously maintain a home thereon do not mean the same thing, as a person may do either one without doing the other.

All that is necessary to decide in this case, however, is whether plaintiff has resided on the land for not less than two years. The contention of defendant is that plaintiff, in order to prevail, must show that he has maintained on the premises for not less than two years a permanent and fixed abode with

the present intention there to remain. Even if this contention goes too far, plaintiff has shown by undisputed evidence all that is required by it. That plaintiff also maintained a home in Hilo, where he lived when absent on business from his Olaa place, is not sufficient in this case to show a noncompliance with the statute, whatever its effect might be in some other case. In so far as the conclusion depends upon a question of fact, the finding of the circuit judge is in favor of plaintiff, and while that finding is not binding on this court it is certainly entitled to weight. We may add that, if it appeared in any way, as it does not in this case, that the compliance with the condition as to residence was not made in good faith, a different conclusion might follow.

The decree appealed from is affirmed.

*C. F. Clemons* (*Thompson & Clemons* on the brief), for plaintiff.

*W. L. Whitney,* Deputy Attorney General (*C. R. Hemenway,* Attorney General, also on the brief,) for defendant.